JERRYCO, d/b/a F.E. Dorsey Furniture

v.

**UNION STATION PLAZA ASSOCIATES, et al.**

Supreme Judicial Court of Maine.

Argued March 18, 1993.
Decided May 28, 1993.

John C. Walker, Philip Mancini (orally), Portland, for plaintiff.

Michael LaTorre, James Brett Main (orally), Platz & Thompson, Lewiston, Theodore Kirchner (orally), Norman, Hanson & Detroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Plaintiff Jerryco, d/b/a F.E. Dorsey Furniture, appeals from a summary judgment in favor of defendants Union Station Plaza Associates and its agents and from a judgment in favor of another defendant, Jan Mee Restaurant, after a jury trial in the Superior Court (Cumberland County, *Wernick, A.R.J.*). We affirm the judgments.

Both Jerryco, which operated a furniture store, and the Jan Mee Restaurant were tenants of Union Station Plaza. Because of a buildup of grease, rice, and other food debris, the tenants' common sewer clogged and the resulting leak damaged Jerryco's inventory. Jerryco alleged that Union Station Plaza or its agents breached a duty to maintain the sewer line and provide dry space and that Jan Mee negligently disposed of grease and waste foods.

The Superior Court granted Union Station Plaza and its agents a summary judgment based on the written agreements between the parties. We agree that no genuine issue of material fact was in dispute and that as a matter of law Union Station Plaza had no duty under its lease to maintain the sewer line or to provide dry space. "[T]he construction of an unambiguous written [lease] is a question of law for the court, and unambiguous language in the [lease] must be given its plain and generally accepted meaning." *Aroostook Valley R.R. v. Bangor & Aroostook R.R.*, 455 A.2d 431, 433 (Me.1983). Moreover, there was no issue of fact as to any latent defect known to the landlord or any gratuitous undertaking to make repairs by either the landlord or its agents.

After a trial of Jerryco's claim against Jan Mee, the jury found that the defendant was not negligent. On appeal Jerryco challenges only an *in limine* ruling that precluded Jerryco from asserting a nuisance claim against Jan Mee. At oral argument Jerryco insisted that it had preserved the issue by requesting a jury instruction on its nuisance theory. Jan Mee did not agree the issue was preserved, but in its brief Jan Mee defended the ruling on other grounds. First, it argued that the court had discretion not to permit a new theory of recovery to be injected on the eve of trial. Second, it contended that a nuisance theory of recovery is inapplicable to the facts of this case as a matter of law. We agree on both grounds. Whether the *in limine* ruling could be defended as a partial summary judgment, we need not decide. The jury finding of the absence of negligence on the part of Jan Mee would preclude the application of a nuisance theory in the circumstances of this case. *See Restatement (Second) of Torts* § 822 (1977).

The entry is:

Judgments affirmed.

All concurring.